◼ Elizabeth Graham, an Infant, by Willie D. Graham, et al., Her Parents and Guardians, et al., Appellants, v Guilderland Central School District et al., Respondents. [681 NYS2d 831] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Hughes, J.), entered September 24, 1997 in Albany County, which granted defendants' motion to dismiss the complaint for failure to state a cause of action.

Plaintiff Elizabeth Graham, a student at Guilderland Central High School in Albany County, attended an English Studies class which was taught by defendant John Birchler (hereinafter defendant). While discussing a "Homosexual Awareness Assembly" that had been held the previous day, a student asked defendant, "Why not call them faggots? That's what they are!" In response, defendant pointed to Elizabeth, the only African American in the classroom, and stated, "Why not call Liz a 'nigger' because that's what she is? Liz, why not tell us what it feels like to be called a 'nigger'?"

As a result of this exchange, Elizabeth and her parents commenced this action charging defendant Guilderland Central School District and defendant with, *inter alia*, intentional infliction of emotional distress. Defendants moved to dismiss the complaint for failure to state a cause of action and Supreme Court granted their motion, finding, insofar as relevant here,* that plaintiffs' allegations did not rise to the level of "extreme and outrageous conduct" necessary to sustain such a claim. This appeal followed.

We affirm. To state a cause of action for intentional infliction of emotional distress, the offensive conduct with which defendant is charged must be "extreme and outrageous" (*Howell v New York Post Co.*, 81 NY2d 115, 121). It "must transcend all

---

* Prior to a decision on the motion, plaintiffs withdrew their second cause of action alleging a failure to report suspected child abuse. And as they have not advanced any arguments with regard to the dismissal of their third cause of action (based upon the parents' alleged emotional distress), that claim is deemed abandoned.

bounds of decency and 'be regarded as atrocious and utterly intolerable in a civilized community' " (*Christenson v Gutman*, 249 AD2d 805, 808, quoting *Klinge v Ithaca Coll.*, 235 AD2d 724, 727). If, as has already been determined, the use of religious, ethnic or racial aspersions to denigrate a person—even when no legitimate pedagogical objective is involved—is not sufficiently egregious conduct to sustain a claim of this type (*see, Leibowitz v Bank Leumi Trust Co.*, 152 AD2d 169; *cf., Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 262-263), then defendant's utterances made during a frank classroom discussion of prejudice, in an attempt to illustrate the hurtful nature of such comments, is not enough to trigger such a claim.

Plaintiffs contend that Elizabeth's youth, and the fact that she was the only African American in the class, rendered her particularly vulnerable to derogatory comments of this nature, and that defendant had a heightened duty, as a teacher and role model, to refrain from engaging in what they describe as a "vicious racial attack" against one of his students, by calling her a "nigger" in front of her peers. These assertions aside, defendant's remarks, considered in their entirety, were plainly intended to convey his strong disapproval of such epithets, by exemplifying—perhaps, too effectively—the pain they can cause. Given these circumstances, Supreme Court quite rightly concluded, as a matter of law, that the conduct at issue cannot be characterized as "utterly reprehensible" (*Howell v New York Post Co.*, *supra*, at 122), nor "beyond all possible bounds of decency" (*Fischer v Maloney*, 43 NY2d 553, 557; *accord, Leibowitz v Bank Leumi Trust Co.*, *supra*, at 182), particularly in a classroom setting where an open exchange of ideas should be encouraged.

Mikoll, Crew III and White, JJ., concur.

Cardona, P. J. (dissenting). I respectfully dissent. Under the particular circumstances presented in this case, I cannot say, as a matter of law, that plaintiffs have not stated a cause of action for intentional infliction of emotional distress. It is well settled that when determining a motion to dismiss, all allegations in the complaint must be considered true. In my view, plaintiffs' complaint sets forth sufficient allegations to conclude that the conduct of defendant John Birchler (hereinafter defendant) amounted to more than mere bad judgment. Although it does not appear that defendant deliberately intended to cause harm to plaintiff Elizabeth Graham, his disregard and invasion of her feelings and emotions was at the very least reckless. Moreover, while the majority references case law

wherein the use of racial slurs and epithets has been held not to constitute the type of extreme and outrageous conduct necessary to sustain a cause of action for intentional infliction of emotional distress (*see, e.g., Herlihy v Metropolitan Museum of Art*, 214 AD2d 250; *Leibowitz v Bank Leumi Trust Co.*, 152 AD2d 169), the factual circumstances present here, in my opinion, are more compelling.

Significantly, the derogatory racial remarks were specifically targeted at the only African-American female in the class. She was not an adult, but rather an adolescent. Notably, the remarks were used in such a manner as to call for a response from Elizabeth, thereby further exacerbating the conduct. In addition, the fact that the remarks were used in the context of a classroom discussion allegedly for the purpose of spurring conversation about prejudice does not render them less objectionable. Although I agree with the majority that an open exchange of ideas should be encouraged in a classroom setting, that goal must yield to the protection of one's emotional well-being. Simply stated, I cannot conclude under the unique circumstances herein that plaintiffs have, as a matter of law, failed to state a cause of action for intentional infliction of emotional distress (*see, e.g., Roach v Stern*, 252 AD2d 488, 493; *Leibowitz v Bank Leumi Trust Co., supra*, at 183-184 [Harwood, J., dissenting]). Therefore, I would reverse that part of Supreme Court's order dismissing that cause of action.

Ordered that the order is affirmed, without costs.