■ GILL FARMS, INC., et al., Respondents, v MARYANN DARROW, Appellant. [682 NYS2d 306] —Spain, J. Appeal from an order of the Supreme Court (Cobb, J.), entered September 23, 1997 in Ulster County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs are the owners and operators of a farm located in the Town of Hurley, Ulster County; defendant owns and resides on property adjacent to plaintiffs' farm. Defendant claims that plaintiffs have been engaged in improper aerial spraying of pesticides and that such pesticides have drifted onto defendant's property and into her home. The record reveals that defendant began to voice concerns to numerous government officials and agencies and also founded the "Group Against Aerial Spraying of Pesticides" to foster public awareness regarding the spraying of aerial pesticides. Plaintiffs contend that during

the summer of 1994 defendant began to engage in a course of tortious behavior, including making false complaints to governmental entities, designed to interrupt the operation of plaintiffs' business and that as a result of defendant's complaints to public agencies and threats to a commercial aerial sprayer, a pilot was unwilling to spray plaintiffs' fields which resulted in an infestation of their corn crop.

In April 1996, plaintiffs commenced this action against defendant claiming intentional infliction of emotional distress, prima facie tort, interference with their business relationships and contracts, and related causes of action, and contending that alleged business interruptions have resulted in serious economic damages. Thereafter, defendant moved to dismiss the complaint or, alternatively, for summary judgment; defendant also claimed that she was entitled to damages for violation of her free speech rights pursuant to Civil Rights Law §§ 70-a and 76-a. Supreme Court notified the parties that it intended to treat the motion as one for summary judgment.

In February 1997, Supreme Court denied defendant's motion with regard to plaintiff corporation's prima facie tort claim and intentional interference with a contract or business relationship claim; however, it dismissed the intentional infliction of emotional distress cause of action as alleged by said corporation. With respect to the individual plaintiffs' causes of action, the court found that they failed to state a claim for prima facie tort and for intentional interference with a contract resulting in personal injury, but found a sufficient basis for the action for economic damages. The court denied defendant's motion with regard to the individual plaintiffs' intentional infliction of emotional distress claim for incidents occurring within the one-year Statute of Limitations. In addition, the court found that defendant failed to make a showing that the provisions of the Civil Rights Law with respect to public petition and participation are applicable to the instant litigation.

Defendant did not appeal from this order, but rather interposed an answer and various counterclaims; contemporaneously, defendant moved for summary judgment again claiming that the suit against her constituted a "SLAPP" (Strategic Litigation Against Public Participation) suit under the Civil Rights Law and, in addition, defendant requested, *inter alia*, that Supreme Court dismiss the causes of action that were not dismissed by the court in its February 1997 order. Supreme Court treated the motion as a motion to renew and/or to reargue and, again, denied defendant's requested relief. It is from the denial of this second motion that defendant now appeals.

We affirm. Initially, we conclude that Supreme Court properly denied defendant's motion for summary judgment with respect to plaintiffs' claims for tortious interference with contract and intentional infliction of emotional distress. The general rule is that an action for intentional interference with a contract "requires proof of (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional inducement of the third party to breach that contract, and (4) damages" (*Rosario-Suarz v Wormuth Bros. Foundry*, 233 AD2d 575, 577). Defendant argues that plaintiffs' claim should fail since there is no indication in the record that she knew of plaintiffs' contractual relations with their aerial sprayers. We have held, however, that "any direct evidence of [defendant's] knowledge on the issue is entirely within the control of [defendant], and plaintiff should therefore be allowed to develop the issue at trial" (*Capital Med. Sys. v Fuji Med. Sys., U.S.A.*, 239 AD2d 743, 747). Further, " '[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress' " (*Freihofer v Hearst Corp.*, 65 NY2d 135, 143, quoting Restatement [Second] of Torts § 46 [1]). Here, we agree with Supreme Court that plaintiffs submitted enough evidence of defendant's outrageous conduct to survive a motion for summary judgment based on the fact that "a campaign of harassing telephone calls may state a cause of action for intentional infliction of emotional distress" (*see, Flatley v Hartmann*, 138 AD2d 345, 346).

Next, we reject defendant's contention that the action against her qualifies as a SLAPP action. Civil Rights Law § 76-a (1) (a) defines " '[a]n action involving public petition and participation' " as "an action, claim, cross claim or counterclaim for damages that is brought by a public applicant or permittee, and is materially related to any efforts of the defendant to report on, comment on, rule on, challenge or oppose such application or permission". Defendant contends that the case against her meets these elements since it (1) seeks damages, (2) was brought by "public permittees", and (3) is "materially related" to defendant's efforts to "comment" or "oppose" such permission.

Here, however, plaintiffs contend, and defendant apparently concedes, that plaintiffs are not licensed for, nor do they perform, aerial pesticide spraying. The record reveals that plaintiffs held permits only for ground spraying, while defendant was concerned with aerial spraying; as such, Supreme

Court held that "defendant's activities cannot be considered as directly applicable to the plaintiffs' certificates". In addition, the court found that in the absence of a showing that defendant sought revocation of the nonparty aerial sprayers' certificates, or that there was any "significant affiliation" between plaintiffs and the independent aerial sprayers with whom they contracted, the case does not fall within the purview of the Civil Rights Law. Moreover, as the court pointed out, even if the nonparty sprayers' permits were revoked, plaintiffs could just go out and hire other independent aerial sprayers. Consequently, it is clear that defendant has failed to make out the second element of her SLAPP claim because plaintiffs do not hold permits for aerial spraying and nothing suggests that permits held by independent aerial sprayers can properly be imputed to plaintiffs.

The third element of defendant's claim also fails because she did not "report on, comment on, rule on, challenge or oppose" an application or permit since plaintiffs did not possess aerial certificates (*see, Harfenes v Sea Gate Assn.*, 167 Misc 2d 647, 652). Accordingly, Supreme Court properly held that plaintiffs' action did not constitute a SLAPP suit.

Finally, based upon our decision herein we find no need to address plaintiffs' procedural objections.

Mercure, J. P., White, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.