■ Long Island Association for AIDS Care, Respondent-Appellant, v Susan Greene, Appellant-Respondent. [702 NYS2d 914] —In an action, *inter alia,* to recover damages for defamation, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated September 25, 1998, as denied her motion for summary judgment dismissing the complaint and on her fifth counterclaim, asserted pursuant to Civil Rights Law § 70-a, and the plaintiff cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the fifth counterclaim.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, the cross motion is granted, and the fifth counterclaim is dismissed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the defendant's contention, the action against her is not "an action involving public petition and participation", otherwise known as a SLAPP (Strategic Lawsuit Against Public Participation) suit, brought under Civil Rights Law § 70-a. The causes of action asserted against the defendant are not materially related to any efforts by her to report on, comment on, challenge, or oppose an application by the plaintiff for a permit, license, or other authorization from a public body (*see,* Civil Rights Law §§ 70-a, 76-a [1] [a]; *see, e.g., Gill Farms v Darrow,* 256 AD2d 995; *Ansonia Assocs. Ltd. Partnership v Ansonia Tenants' Coalition,* 253 AD2d 706; *Bell v Little,* 250 AD2d 485; *OSJ, Inc. v Work,* 180 Misc 2d 804; *Harfenes v Sea Gate Assn.,* 167 Misc 2d 647, 652). Accordingly, the plaintiff's cross motion for summary judgment dismissing the fifth

counterclaim, asserted pursuant to Civil Rights Law § 70-a, should have been granted.

The defendant's remaining contentions are without merit. Ritter, J. P., Friedmann, Feuerstein and Smith, JJ., concur.