■ NIAGARA MOHAWK POWER CORPORATION, Appellant-Respondent, v JOHN A. TESTONE et al., Respondents-Appellants. [708 NYS2d 527] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action alleging causes of action for, *inter alia,* attempted extortion, prima facie tort, and violations of the Racketeer Influenced and Corrupt Organizations Act ([RICO] 18 USC § 1961 *et seq.*). The complaint alleges that defendants, acting in concert, attempted to extort money from plaintiff by threatening to make public a scandalous rumor concerning one of plaintiff's executives. Upon various motions and cross motions of all parties, Supreme Court, *inter alia,* (1) dismissed the attempted extortion cause of action pursuant to CPLR 3211 (a) (7); (2) denied those parts of defendants' respective cross motions to dismiss the prima facie tort and RICO causes of action pursuant to CPLR 3211 (a) (7) and 3212; and (3) denied in part the cross motion of defendant John A. Testone to amend his answer to assert counterclaims

for, *inter alia*, costs, fees and damages pursuant to Civil Rights Law § 70-a (Strategic Lawsuits Against Public Participation [SLAPP]), malicious prosecution, and abuse of process.

The court properly dismissed the cause of action for attempted extortion (*see*, Penal Law §§ 110.00, 155.05 [2] [e]; § 155.42). Under the three-prong test set forth in *Sheehy v Big Flats Community Day* (73 NY2d 629, 633-634), a penal statute may give rise to an implied private right of action where (1) plaintiff is a member of the class for whose particular benefit the statute was enacted; (2) recognition of a private right of action would promote the legislative purpose; and (3) creation of such a right of action would be consistent with the legislative scheme. Even assuming, arguendo, that the first two prongs of the *Sheehy* test are met here, we discern no legislative intent to create a civil remedy for an attempt to commit any crime, and plaintiff cites no statute or case law providing for such a cause of action. Notably, there is no independent tort in New York for civil conspiracy (*see, Baker v Vanderbilt Co.*, 260 AD2d 750, 752-753; *Danahy v Meese*, 84 AD2d 670, 672), and an attempt to commit a crime or tort is analogous to a conspiracy to undertake such conduct. In our view, neither the legislative scheme nor common-law precedent supports an inference that the Legislature intended to create a statutory right of action for an attempt to commit a crime, including extortion.

Further, even assuming, arguendo, the existence of a private right of action for attempted extortion, we conclude that defendants are nevertheless entitled to summary judgment because neither of them committed that crime. Defendant Joseph Barsuk did not communicate the alleged extortionate statements to anyone but his attorneys, and thus, as a matter of law, his conduct did not " 'carry the project forward within dangerous proximity of the criminal end to be attained' " (*People v Bracey*, 41 NY2d 296, 300, *rearg denied* 41 NY2d 1010, quoting *People v Werblow*, 241 NY 55, 61). Testone's allegedly extortionate conduct was part of a larger endeavor to obtain recompense for a perceived wrong and was but a small part of extensive criticism leveled at plaintiff's management through communications to, *inter alia*, the Public Service Commission. We thus conclude that neither defendant's conduct amounted to attempted extortion.

The court erred in failing to dismiss the cause of action for prima facie tort. The complaint does not state a cause of action for prima facie tort because it fails to allege that defendants were motivated solely by malevolence (*see, Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333). Here,

as in *Smukler v 12 Lofts Realty* (156 AD2d 161, 163, *lv denied* 76 NY2d 701), "[t]he allegations of pecuniary * * * motives negate a cause of action for prima facie tort."

Based on our conclusion that defendants did not commit extortion or attempted extortion as a matter of law, we further conclude that the court should have dismissed the RICO cause of action, predicated upon the alleged attempted extortion. In the absence of acts constituting "racketeering activity" as defined in 18 USC § 1961 (1), defendants may not be held liable in an action pursuant to 18 USC § 1962 (c). Moreover, even if we were to construe some or all of defendants' conduct as "racketeering activity," we conclude that any such conduct lacked the necessary elements of an enterprise (*see*, 18 USC § 1961 [4]; § 1962 [c]; *Procter & Gamble Co. v Big Apple Indus. Bldgs.*, 879 F2d 10, 14, *cert denied* 493 US 1022), and a pattern of racketeering activity, including relatedness and continuity (*see*, 18 USC § 1962 [c]; *see generally, H. J. Inc. v Northwestern Bell Tel. Co.*, 492 US 229, 236-240).

Although defendants are entitled to dismissal of the complaint, the court erred in granting that part of the cross motion of Testone to amend his answer to assert a SLAPP counterclaim. An action involving public petition and participation is defined in relevant part as an action that is "brought by a public applicant or permittee, and is materially related to any efforts of the defendant to report on, comment on, rule on, challenge or oppose such application or permission" (Civil Rights Law § 76-a [1] [a]). Even assuming, arguendo, that plaintiff's action is an action involving public petition and participation as defined in Civil Rights Law § 76-a (1) (*see, Street Beat Sportswear v National Mobilization Against Sweatshops*, 182 Misc 2d 447, 450-451; *cf., Long Is. Assn. for AIDS Care v Greene*, 269 AD2d 430; *Harfenes v Sea Gate Assn.*, 167 Misc 2d 647, 652), we conclude that the proposed counterclaim is without merit. While plaintiff's action is related to public participation by Testone because it is based in part on his statements to the Public Service Commission, it is not "materially related" to such participation (Civil Rights Law § 76-a [1] [a]) because it is based upon conduct outside the scope of the Public Service Commission's oversight of plaintiff's permits or licenses (*cf., Gill Farms v Darrow*, 256 AD2d 995). Further, we conclude that plaintiff's action, although now dismissed, was "supported by a substantial argument for the extension, modification or reversal of existing law" (Civil Rights Law § 70-a [1] [a]).

Finally, the court properly denied that part of the cross motion of Testone to amend his answer to assert counterclaims

for malicious prosecution and abuse of process. The proposed counterclaims fail to allege interference with Testone's person or property through the use of a provisional remedy, a necessary element of causes of action for both malicious prosecution (*see, Sokol v Sofokles*, 136 AD2d 535, 536; *see also, Jurow v Brickman House*, 159 AD2d 562, 562-563) and abuse of process (*see, Sokol v Sofokles, supra*, at 536).

Thus, we modify the order by granting those parts of defendants' cross motions to dismiss the prima facie tort and RICO causes of action and dismissing those causes of action and by denying that part of the cross motion of Testone to amend his answer to assert a SLAPP counterclaim. (Appeals from Order of Supreme Court, Onondaga County, McCarthy, J.—Dismiss Pleading.) Present—Hayes, J. P., Wisner, Hurlbutt, Kehoe and Balio, JJ.