■ ANDREW CLEMENTE, Respondent, v ALICE IMPASTATO, Appellant. [736 NYS2d 281] —Lahtinen, J. Appeal from an order

and judgment of the Supreme Court (Griffin, J.), entered December 5, 2000 in Rensselaer County, which, inter alia, granted plaintiff's motion to dismiss defendant's counterclaim.

In 1994, plaintiff commenced a defamation action against defendant, alleging that certain of her comments about him contained in a letter sent to the Regional Director of the Department of Environmental Conservation (hereinafter DEC) and seven other individuals were libelous per se. Defendant counterclaimed for, inter alia, costs and counsel fees under Civil Rights Law § 70-a, alleging that plaintiff's defamation action was a strategic lawsuit against public participation (hereinafter SLAPP) suit under the Civil Rights Law. At trial, after plaintiff concluded his proof, Supreme Court granted defendant's motion to dismiss plaintiff's action. The trial continued on the issue of defendant's anti-SLAPP counterclaim, but ended in a mistrial. Plaintiff appealed from Supreme Court's order of dismissal of his defamation action, which resulted in an affirmance by this Court (274 AD2d 771).* While plaintiff's appeal was pending, a new trial commenced on defendant's counterclaim. At the conclusion of defendant's case, Supreme Court granted plaintiff's motion to dismiss, finding that defendant had "failed to make out a prima facie case as a matter of law." Defendant appeals, and we now affirm.

Plaintiff's defamation action centered on defendant's statements contained in her letter to DEC, which accused plaintiff of criminal conduct directed against defendant and a DEC employee. Such allegations of plaintiff's criminal acts were not within the scope of DEC's oversight of plaintiff's permits to operate a gravel mine and are, therefore, not "materially related" to defendant's opposition to plaintiff's application to DEC for renewal and expansion of those permits as required by Civil Rights Law § 76-a (1) (a) (see, Niagara Mohawk Power Corp. v Testone, 272 AD2d 910, 912). Moreover, we conclude that plaintiff's defamation action, although now dismissed, was commenced with a substantial basis in fact and law (see, Civil Rights Law § 70-a [1] [a]; Niagara Mohawk Power Corp. v Testone, supra at 912). Accordingly, we agree with Supreme Court that defendant failed to make out a prima facie case requiring dismissal of her counterclaim.

In light of the above, we need not consider the parties' remaining contentions.

Cardona, P.J., Peters, Mugglin and Rose, JJ., concur. Ordered that the order and judgment is affirmed, with costs.

---

* Reference is made to this decision for a more complete recitation of the underlying facts.