■ Susan Mitchell et al., Respondents, v Michael Giambruno et al., Appellants, et al., Defendant. [826 NYS2d 788]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered June 3, 2005 in Clinton County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs are a same-sex couple who purchased and moved into a house in the Village of Dannemora, Clinton County, in 1999. In this action commenced in November 2002, plaintiffs accused defendants, their neighbors, of, among other things, the intentional infliction of emotional distress. As the result of a jury verdict, plaintiff Susan Mitchell was awarded the sum of $50,000 and plaintiff Elizabeth Meseck was awarded $35,000. Defendants Michael Giambruno, Corrine Giambruno and Kimberly Granmoe (hereinafter collectively referred to as defendants*) appeal, contending that plaintiffs' trial evidence was insufficient to support the alleged cause of action.

It is well settled that in a cause of action for intentional infliction of emotional distress, a plaintiff must plead and prove four elements: (1) extreme and outrageous conduct; (2) the intentional or reckless nature of such conduct; (3) a causal relationship between the conduct and the resulting injury; and (4) severe emotional distress (*see Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]; *Christenson v Gutman*, 249 AD2d 805, 808 [1998]). Plaintiffs' trial evidence reveals that the interaction between plaintiffs and defendants began as a result of what may fairly be characterized as a boundary line dispute. This dispute escalated and a criminal trespass complaint was filed by the Giambrunos against Mitchell and a restraining order was issued against her. Thereafter, for approximately two years, defendants conducted what can only be characterized as a relentless campaign of lewd comments and intimidation directed at plaintiffs and their lifestyle, both in private and in public. The final act prior to the institution of this action occurred when defendants constructed two mock grave sites on the Granmoes' property directly facing plaintiffs' home, which created a fear in plaintiffs that the graves were intended for them.

---

* All causes of action against defendant Tony Granmoe were dismissed at trial.

Although insulting language intended to denigrate a person may not, in and of itself, rise to the required level of extreme and outrageous conduct, liability may be premised on such expressions where, as here, defendants' campaign of harassment and intimidation is constant (*see Leibowitz v Bank Leumi Trust Co. of N.Y.*, 152 AD2d 169, 182 [1989]; *Graham v Guilderland Cent. School Dist.*, 256 AD2d 863, 864 [1998], *lv denied* 93 NY2d 803 [1999]; *Nader v General Motors Corp.*, 25 NY2d 560, 569 [1970]; *Gill Farms v Darrow*, 256 AD2d 995, 997 [1998]). Accordingly, we conclude that this record contains sufficient evidence to support the jury's determination that the first two elements of the cause of action have been proven, i.e., that the conduct of the defendants was extreme, outrageous and intentional.

Defendants' arguments that plaintiffs failed to prove a causal connection between defendants' conduct and plaintiffs' illnesses is based on plaintiffs' failure to ask either medical witness for an opinion concerning causation and because defendants allege that plaintiffs had other stressors in their lives. We are unpersuaded by either argument. Insofar as a participant (as compared to a bystander) is concerned, where a duty owed the participant is breached, resultant injury is compensable only if it is a direct (not consequential) result of the breach (*see Kennedy v McKesson Co.*, 58 NY2d 500, 506-507 [1983]; *Probst v Cacoulidis*, 295 AD2d 331, 332 [2002]). Here, the evidence of direct injury from the breach is manifest. Nurse practitioner Paula Covey testified on behalf of Mitchell, and physician Richard Webber testified on behalf of Meseck. Both testified concerning their training and experience in diagnosing and treating anxiety and depression and the resultant physical manifestations, if any. Both testified that plaintiffs were patients in their office prior to and during the two years encompassed by defendants' conduct. Each testified that their patients' level of anxiety increased as did the depth of their depression as they continued to complain about defendants' conduct, the necessity of retaining counsel, the lawsuit and the trial. The frequency with which plaintiffs sought treatment, as well as their medication to control their conditions, increased during this period. Covey testified to Mitchell's resultant indigestion, diarrhea and irritable bowel syndrome and her hospitalization for brief periods on more than one occasion. Given this testimony, we conclude that the causal connection between defendants' conduct and plaintiffs' illnesses was well within the ken of the ordinary lay juror and the medical practitioner's opinion as to causation would be mere surplusage. Moreover, given the timing of the events, the jury could rationally conclude that the

other stressors—Mitchell's job stress, Meseck's stress in caring for Mitchell's 101-year-old grandmother and the arguments they had with each other over whether to retain counsel and sue—all were temporarily related to defendants' conduct and were caused or exacerbated by them. Finally, the jury could rationally conclude from the evidence that the emotional distress of each plaintiff was severe.

To the extent not hereinabove discussed, we have considered defendants' remaining arguments and found each to be lacking in merit.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.