LIZA MINNELLI, Respondent-Appellant, v M'HAMMED SOUMAYAH, Appellant-Respondent. [839 NYS2d 727]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered May 22, 2006, which, to the extent appealed from as limited by the briefs, granted so much of defendant's dismissal motion as was directed to the first cause of action (extortion and attempted extortion) in the amended complaint, and denied the motion with respect to the second and third causes of action (breach of contract and fiduciary duty), affirmed, without costs.

The first cause of action for extortion and attempted extortion, alleging that defendant attempted to compel and compelled plaintiff to deliver money to him by threatening physical harm to plaintiff and her employees and a breach of their

confidentiality agreement, was properly dismissed on the ground that extortion and attempted extortion are criminal offenses (*see* Penal Law § 155.05 [2] [e]; § 110.00) that do not imply a private right of action (*Niagara Mohawk Power Corp. v Testone*, 272 AD2d 910, 911 [2000]; *Crandall v Bernard, Overton & Russell*, 133 AD2d 878, 879 [1987], *lv dismissed and denied* 70 NY2d 940 [1988]). Moreover, although extortionate behavior, coercion and duress may be elements of a cause of action for tortious interference with contract or unjust enrichment, at common law there was never a private cause of action for extortion. Rather, extortion, as it has come to be understood today—obtaining of money by force or fear—was considered robbery to be punished criminally.

To the extent that the first cause of action encompasses a claim for economic duress, that cause fails because a mere threat that does not force the other party to accede to some further demand does not constitute economic duress (*see 805 Third Ave. Co. v M.W. Realty Assoc.*, 58 NY2d 447, 451 [1983]). And notwithstanding plaintiff's argument to the contrary, the first cause of action does not even hint at a claim for prima facie tort, which, we note, was eliminated as a separate cause of action when plaintiff amended her complaint.

Defendant had a contractual obligation not to disclose confidential information he might have acquired during the course of his employment with plaintiff. Construing the pleadings liberally and accepting the facts alleged as true (*see Wiener v Lazard Freres & Co.*, 241 AD2d 114, 120 [1998]), the court correctly determined that the complaint states a cause of action for breach of contract based on defendant's alleged violation of this agreement not to make such unauthorized disclosures, and for breach of fiduciary duty (*see Mandelblatt v Devon Stores*, 132 AD2d 162, 167-168 [1987]).

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Marlow and Buckley, JJ.

McGuire, J., concurs in a separate memorandum as follows: I agree with the majority's conclusion that plaintiff's first cause of action was properly dismissed, but disagree with the majority's discussion of extortion and attempted extortion. In my judgment, plaintiff makes a strong case for her position that recognizing a private right of action for extortion would be consistent with the three-pronged test set forth in *Sheehy v Big Flats Community Day* (73 NY2d 629, 633-634 [1989]; *but cf. Sardanis v Sumitomo Corp.*, 279 AD2d 225, 230 [2001] [declining to recognize a private right of action for conduct constitut-

ing the crime of commercial bribery because "the creation of such a right of action under the statute would be inconsistent with the existing legislative and remedial scheme, which gives the power of enforcement to the District Attorney"]). We need not resolve that issue, however, since plaintiff does not allege that she delivered money or property to defendant because of defendant's extortionate acts. Concerning attempted extortion, the Fourth Department has observed, "there is no independent tort in New York for civil conspiracy . . . and an attempt to commit a crime or tort is analogous to a conspiracy to undertake such conduct" (*Niagara Mohawk Power Corp. v Testone*, 272 AD2d 910, 911 [2000] [citations omitted]). Thus, I would hold that there is no private right of action for attempted extortion. I otherwise agree with the majority's analysis.