OPINION OF THE COURT
Laura L. Jacobson, J.
Defendants 600 East 21st Street LLC and Proto Property Services, LLC move fpr an order pursuant to Civil Practice Law and Rules § 3212 granting summary judgment in favor of defendants (1) dismissing the second cause of action contained in the complaint as plaintiff Marva Murray cannot make out a prima facie case of intentional infliction of emotional distress, (2) dismissing plaintiff’s claim for punitive damages on the grounds that plaintiff cannot make out a prima facie case of entitlement to punitive damages, and (3) for such other and further relief as to this court may seem just, proper and equitable. The plaintiff opposes the motion.
On September 26, 2007, this court issued an order denying defendants’ motion to dismiss plaintiffs claim for the intentional infliction of emotional distress and granted the defendants’ motion to dismiss plaintiffs claim for punitive damages. This decision explains the basis for the determination.
This lawsuit stems from a claim by the plaintiff that she was illegally and improperly evicted from her home, which has been her primary residence for 22 years. Plaintiffs late husband Roy lived at the subject apartment, C2 at 600 East 21st Street, Brooklyn, New York, prior to 1985. In 1985, he and the plaintiff were married and they lived together in the subject apartment. The couple had two children who also resided in the apartment with them. Plaintiffs husband passed away in February 2000. Subsequently, plaintiffs son decided to attend school in Texas. Plaintiff purchased a house in Texas and went with both of her *764 children to assist her son in establishing his residence in the house. The plaintiff contends that she had every intention of returning to her apartment within six months and did not intend to change her domicile to Texas.
Accordingly, the plaintiff continued to pay her rent at the subject premises. She continued to have her mail delivered to her at the subject premises and arranged for a friend to collect the mail and keep an eye on the apartment. Plaintiff also continued the payment of her utilities.
In late October 2002, plaintiffs friend advised her that her apartment had been burglarized and that the lock had been changed on the apartment door. Plaintiff notified the Police Department of the crime by a telephone call to 911. Plaintiff also notified her attorney who called and spoke with the managing agent and the attorney for the building. The attorney for the building was advised by plaintiffs attorney that plaintiff still resided in the premises and that her rent had been paid and accepted for the month of October 2002.
The attorney for the landlord agreed to have new keys available for plaintiffs friend to obtain on October 28, 2002. Although plaintiffs friend appeared at the building, the landlord’s representative failed to appear and no keys were secured by the plaintiff. Subsequently, the plaintiffs attorney again contacted the landlord’s attorney. This time, he was advised that although October 2002 rent had been paid by the plaintiff, the subject apartment had been rerented.
The landlord refused to restore the plaintiff to the subject apartment and, in December 2002, the plaintiff filed an order to show cause in Civil Court, Kings County, seeking the return of her apartment and her possessions. That proceeding was settled on January 14, 2003 by a stipulation of settlement, “So Ordered” by the Honorable Ava Alterman, which restored the plaintiff to her apartment. All claims for property damage were preserved, pursuant to the terms of the stipulation.
Thereafter, the plaintiff commenced this lawsuit seeking damages for the illegal eviction from her home and the decimation of all of her property. At the deposition of the defendant landlord’s employee, testimony was adduced concerning the property of the plaintiff that had been removed from her apartment. The employee testified that at least 60 large black garbage bags containing the plaintiffs personal possessions, property, keepsakes, clothing, furniture and appliances were removed from the apartment and placed in the basement. However, the *765 plaintiff contends that when she was finally granted access to the premises in January 2003, almost all of the large black garbage bags had disappeared and the property that remained was broken, damaged and/or unusable.
Defendants are the owner and managing agent, respectively, of the subject premises. They now move for an order, pursuant to Civil Practice Law and Rules § 3212, (1) granting summary judgment in favor of the defendants, dismissing the second cause of action contained in plaintiff’s complaint contending that plaintiff cannot make out a prima facie case of intentional infliction of emotional distress; and (2) granting summary judgment in favor of the defendants and dismissing plaintiffs claim for punitive damages as plaintiff cannot make out a prima facie case of entitlement to punitive damages; and (3) for such other and further relief as to this court may be just and proper.
On September 26, 2007, I issued an order denying that part of the motion which sought to dismiss the claim for emotional distress and granting that part of the motion which sought to dismiss the plaintiffs claim for punitive damages. The reasons for my decision are as follows:
With respect to the defendants’ request that this court dismiss the second cause of action concerning the claim of intentional infliction of emotional distress, this court determines that the plaintiffs papers are sufficient to sustain this cause of action. New York law does not require that a litigant profess treatment or present medical evidence to justify the claim of intentional infliction of emotional distress. In order to prove a claim for intentional infliction of emotional distress, the plaintiff must show four elements: “(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress.” (Howell v New York Post Co., 81 NY2d 115, 121 [1993]; see also Mitchell v Giambruno, 35 AD3d 1040, 1041 [3d Dept 2006].)
If this enumeration of the elements is taken at face value, plaintiffs are not required to allege or show treatment or other medical evidence to prove the presence of severe emotional distress.
Further, there are multiple authorities which explicitly hold that plaintiffs who have not sought medical treatment or some sort of psychological counseling are not precluded from recovering for their emotional distress, whether inflicted negligently or *766 intentionally. (Massaro v O’Shea Funeral Home, 292 AD2d 349 [2d Dept 2002]; Garcia v Lawrence Hosp., 5 AD3d 227 [1st Dept 2004].) The rationale in these eases seems to be that the fact-finder may infer severe emotional distress from the nature of the defendant’s conduct. In the case at bar, the plaintiff has set forth claims concerning the invasion of her longtime family home and the complete devastation of personal and familial property. Clearly, if these claims are established, the act is so serious as to strongly support an inference of severe emotional distress simply by virtue of the occurrence of the act.
Accordingly, plaintiffs opposing papers support her claim of intentional infliction of emotional distress. Therefore, that part of the defendants’ motion which seeks dismissal of the claim for intentional infliction of emotional distress is denied.
With respect to the second part of defendants’ motion, plaintiffs claim for punitive damages is dismissed. In this case, the plaintiffs claim for punitive damages is based on the action of an employee (a superintendent who has since disappeared) of the defendant owner. For a plaintiff to hold an employer liable for punitive damages where liability is vicariously derived from an employee’s acts, the plaintiff must establish that the employer knowingly ordered, participated in or ratified the conduct of the employee. (Kelleher v F.M.E. Auto Leasing Corp., 192 AD2d 581 [1993].) In opposition to the motion, the plaintiff failed to present evidence sufficient to raise a triable issue of fact concerning what, if anything, the employer knew. Therefore, that part of the defendants’ motion seeking the dismissal of the claim for punitive damages is granted.
The defendants’ motion for an order awarding them summary judgment and dismissing the complaint as to the claim of the intentional infliction of emotional distress is denied, and the defendants’ motion for an order awarding them summary judgment and dismissing that part of the complaint that seeks punitive damages is granted.