STEVEN M. ALEVY, Doing Business as BANKERS CAPITAL REALTY ADVISORS, Respondent, v ISAAC UMINER, Appellant, et al., Defendants. [852 NYS2d 131]—

Defendant had a contractual obligation not to disclose confidential information that he might have acquired during the course of his association with plaintiff, and he agreed to

refrain, while working for plaintiff, from engaging in any activity, employment, or business arrangement that conflicted with plaintiff's interests. Construing the pleadings liberally and accepting the facts alleged as true (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the motion court properly found that the complaint states a cause of action for breach of a written agreement (*see Minnelli v Soumayah*, 41 AD3d 388, 389 [2007]).

The complaint also states a cause of action for breach of an oral agreement, since, as the court found, the oral agreement did not modify the written agreement but was a separate, unrelated agreement and therefore not subject to General Obligations Law § 15-301 (*see Rose v Spa Realty Assoc.*, 42 NY2d 338, 343 [1977]).

As to the breach of fiduciary duty cause of action, plaintiff alleges that by the time defendant's employment was terminated, 12 years after he was hired, with no college education and no experience in the business of commercial mortgages, he was managing the day-to-day operations of the company and acting as its de facto chief operating officer. These allegations describe ongoing conduct between the parties that may give rise to a fiduciary relationship (*see Wiener v Lazard Freres & Co.*, 241 AD2d 114, 122 [1998]).

The court properly declined to dismiss the prayer for injunctive relief. Concur—Mazzarelli, J.P., Saxe, Gonzalez and Acosta, JJ. [*See* 2007 NY Slip Op 30355(U).]