Murphy v Certain (2023 NY Slip Op 02978)

Murphy v Certain

2023 NY Slip Op 02978

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Renwick, A.P.J., Kern, Singh, Scarpulla, Higgitt, JJ. 

Index No. 150978/22 Appeal No. 397 Case No. 2023-01234 

[*1]Arthur Murphy, Plaintiff-Appellant, Robert Galpern et al., Defendants,
v
Gary Certain et al., Defendants-Respondents.

Arthur Murphy, appellant pro se.
Traub Lieberman Strauss & Shrewsberry LLP, Hawthorne (Lisa L. Shrewsberry of counsel), for respondents.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered on September 6, 2022, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.
The court properly dismissed the complaint for failure to state a cause of action. The claims for conversion or trespass to chattels were correctly dismissed because they do not sufficiently identify the property at issue (see Sporn v MCA Records, 58 NY2d 482, 487 [1983]). The complaint fails to state a cause of action for defamation and consequently, libel and slander, because it does not set forth the words of the allegedly false statement and it does not allege any other of the requisite elements of the claims (see CPLR 3016 [a]; Stepanov v Dow Jones & Co., Inc., 120 AD3d 28, 34 [1st Dept 2014]). The deceit under Judiciary Law § 487 and fraud claims were insufficiently pleaded because they do not identify any misrepresentation made by defendants (see Bill Birds, Inc. v Stein Law Firm, P.C., 35 NY3d 173, 178 [2020]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; CPLR 3016 [b]). Neither the intentional infliction of emotional distress nor the negligent infliction of emotional distress claims states a cause of action, as the intentional infliction claim does not allege extreme and outrageous conduct by defendants (see Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 56 [2016]), and the negligent infliction claim does not identify any applicable duty owed by defendants (see Brown v New York Design Ctr., Inc., — AD3d &mdash, 2023 NY Slip Op 01228, *5 [1st Dept 2023]).
The complaint fails to state a cause of action for a declaratory judgment because it does not seek to declare the parties' rights (see Morgenthau v Erlbaum, 59 NY2d 143, 148 [1983], cert denied 464 US 993 [1983]). The claim for punitive damages was properly dismissed, as punitive damages are a remedy, and not an independent cause of action (see Rivera v City of New York, 40 AD3d 334, 344 [1st Dept 2007], lv dismissed 16 NY3d 782 [2011]).
Finally, the claims for theft and coercion, extortion, or blackmail were correctly dismissed, as they are not cognizable civil claims (see Arts4All, Ltd. v Hancock, 5 AD3d
106, 111 [1st Dept 2004]; Minnelli v Soumayah, 41 AD3d 388, 388-389 [1st Dept 2007], lv dismissed 9 NY3d 1028 [2008]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023