NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted August 18, 2017*

Decided August 21, 2017

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 17-1682 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| R. DAVID WEISSKOPF, *Plaintiff-Appellant,* | |
| *v.* | |
| PHILIP MARCUS, *et al.,* *Defendants-Appellees.* | No. 16 C 6381 Jorge L. Alonso, *Judge.* |

**Order**

David Weisskopf sued several Israeli citizens in an Illinois court; they removed the action, asserting that diversity of citizenship exists. See 28 U.S.C. §1332(a)(2). Weisskopf moved to remand, describing himself as an expatriate citizen of the United States (and dual citizen of Israel) domiciled in Israel. If that is so, then the diversity jurisdiction does not apply. See *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). The

---

\* We decide this appeal without oral argument because the briefs and record adequately present the facts and arguments, and oral argument would not aid the court. See Fed. R. App. P. 34(a)(2)(C).

district court denied the motion to remand, stating that Weisskopf's frequent presence (and litigation) in the United States implies that he must be domiciled in a state of this nation. The judge then disregarded defendants' arguments (including a contention that no court in the United States has personal jurisdiction over them) and, on his own motion, ruled that the suit is untimely, leading to a judgment against Weisskopf with prejudice. 2017 U.S. Dist. LEXIS 48791 (N.D. Ill. Mar. 31, 2017).

The district court's conclusion that Weisskopf is domiciled in a state—the judge did not say which one—and not an expatriate rests on a conclusion that he is lying about his living arrangements and his plans for future residence. Yet the court did not hold a hearing under Fed. R. Civ. P. 12(b)(1) or make findings of fact. It may be that the judge conflated domicile with residence, but the terms are not synonyms. If Weisskopf ever established a domicile in Israel (where he lived full time for at least six years, from 2006 through 2012), then Israel remains his domicile unless he affirmatively establishes a domicile somewhere else through presence coupled with intent to remain. The record does not demonstrate beyond doubt that Weisskopf has switched domiciles from Israel to a particular state. (Domicile in the United States as a whole differs from domicile in a particular state, which *Newman-Green* observes is required for the diversity jurisdiction.) So the judge erred by denying the motion to remand without holding a hearing and making findings on the issues essential to Weisskopf's domicile.

We need not remand for such a hearing, however, because the record conclusively shows the absence of personal jurisdiction over any of the defendants. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), holds that a district judge may dismiss a removed suit for lack of personal jurisdiction without first deciding whether the court has subject-matter jurisdiction. Like subject-matter jurisdiction, personal jurisdiction must be addressed and resolved ahead of substantive issues such as the statute of limitations. See *Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 430–31 (2007).

This suit arises from divorce and child-custody litigation that occurred in Israel, where a court awarded Weisskopf's ex-wife full custody of their children. Weisskopf contends that the judicial findings were fraudulent and cost Weisskopf not only his family but also his employment in Illinois. He does not contend, however, that any of the defendants performed any of the contested acts in Illinois or had any contacts with the state—whether systematic and continuous to support general jurisdiction or purposeful on a particular subject to support specific jurisdiction. He maintains, rather, that some *effects* of defendants' acts in Israel were felt in Illinois. Yet *Walden v. Fiore*, 134 S. Ct. 1115 (2014), holds that it does not matter where effects are felt. Nor does it matter that, when making decisions in Israel, the defendants obtained and considered records

that had been created in Illinois, or that they agreed ("conspired") among themselves. It is the location of the defendants' persons and conduct, and not the genesis of information they consider, that determines jurisdiction. Defendants rely on *Walden*, but Weisskopf's briefs in this court do not mention it. Indeed, his briefs do not discuss personal jurisdiction at all.

The judgment of the district court is modified to show that the suit is dismissed without prejudice for lack of personal jurisdiction. As so modified it is affirmed.