18-2422-cv
Vidurek v. Koskinen

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand nineteen.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges.*

-----------------------------------------------------------------

JOHN VIDUREK, KIMBERLY VIDUREK,

*Plaintiffs-Appellants*,

v.                                                    No. 18-2422-cv

JOHN KOSKINEN, Commissioner, IRS;
BRENDA DIAL, assumed robo-signer;
JOHN/JANE DOE, Tax Examiner MS 4388 ID
#1000099691; J. MELENDEZ, ID#0708622,
MARYELLEN BENECKE, Revenue Agent
ID#1001022543; LINDA PIACK, Revenue Agent,
IRS ID#1001023196; JEANETTE WILLET, Group

Manager, IRS; DANIEL H. SCHULMAN, Pres, CEO, Pay Pal Holdings Inc.; GUY CHIARELLO, Pres, First Data Merchant Serv Corp.; MARY MADDEN, Pres, CEO Hudson Valley Credit Union; MICHAEL J QUINN, Pres, CEO, Rhinebeck Savings Bank; JACK DORSEY, Pres, CEO, Square Inc.; UNITED STATES INTERNAL REVENUE SERVICE, aka IRS,

*Defendants-Appellee*s.

----------------------------------------------------------------

| FOR APPELLANT: | John Vidurek, Kimberly Vidurek, *pro se*, Hyde Park, NY. |
|---|---|
| FOR APPELLEES**:** | Charles S. Jacob, Christopher Connolly, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY, *for* the Internal Revenue Service ("IRS"), John Koskinen, Brenda Dial, John/Jane Doe, J. Melendez, Maryellen Benecke, Linda Piatek, Janette Willet; |
| | John W. Bailey, Bailey, Johnson & Peck, P.C., Albany, NY, *for* Michael J. Quinn; |

John W. Peterson, Polsinelli PC, Nashville, TN, *for* Guy Chiarello;

Daniel C. Stafford, McCabe & Mack, LLP, Poughkeepsie, NY, *for* Mary Madden.

Appeal from an order of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

John Vidurek and Kimberly Vidurek, pro se, appeal from a judgment of the District Court (Briccetti, J.), granting the Defendants-appellees' motions to dismiss under Rules 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure, declining to exercise supplemental jurisdiction over the Vidureks' state law claims, denying them leave to amend their complaint, and imposing an injunction barring them from filing future complaints absent court permission.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1. <u>Sovereign Immunity</u>

The Vidureks sued the Internal Revenue Service (IRS) and several IRS employees, as well as officers of financial institutions where the Vidureks held accounts, alleging that the IRS falsely accused John Vidurek of not paying his taxes in 2008 and 2009, and that the banks illegally shared his financial information with the IRS without his consent. The Vidureks alleged violations of their civil rights and conspiracy to violate their civil rights under 18 U.S.C. §§ 241, 242, 1983, 1985, and 1986, as well as violations of and conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO). They also filed federal claims of mail fraud and a Fourth Amendment violation, as well as state law claims for trespass, fraud, negligence, vindictive recklessness, abuse of process, and harassment.

As relevant to this appeal, the District Court granted the Defendants-appellees' motions to dismiss, holding that the Vidureks' claims against the IRS and its employees were barred by sovereign immunity, that all but one of the remaining defendants were not properly served, and that the Vidureks failed to state a claim against the remaining defendant, Michael J. Quinn, a top executive at one of the

4

financial institutions where the Vidureks had an account. The District Court further denied the Vidureks leave to amend their complaint, declined to exercise supplemental jurisdiction over their remaining state law claims, and enjoined them from filing additional complaints regarding their 2008 and 2009 tax liability and subsequent lien absent court permission.

"The doctrine of sovereign immunity is jurisdictional in nature." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). When the district court dismisses a claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, we review its factual findings for clear error and its legal conclusions de novo. Id. The district court "may refer to evidence outside the pleadings," and "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id.

"Absent an unequivocally expressed statutory waiver, the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity." Cty. of Suffolk v. Sebelius, 605 F.3d 135, 140 (2d Cir. 2010) (quotation marks omitted). To survive a Rule 12(b)(1) motion to dismiss, then, "the plaintiff bears the burden

5

of establishing that her claims fall within an applicable waiver." Makarova, 201 F.3d at 113.

The Vidureks failed to satisfy this burden. Even if we construed their complaint liberally to allege that any of the defendants were liable under the Federal Torts Claims Act, that act does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c); see Aetna Cas. & Sur. Co. v. United States, 71 F.3d 475, 477 (2d Cir. 1995). Similarly, a claim for damages for unauthorized tax collection under 26 U.S.C. § 7433(a) required the Vidureks to exhaust their administrative remedies before bringing an action in federal court. See 26 U.S.C. § 7433(d)(1). But the Vidureks failed to demonstrate that they exhausted their administrative remedies. We therefore affirm the District Court's dismissal of their claims against the IRS and its employees acting in their official capacities.

2. Insufficient Service of Process

We review the District Court's "dismissal under Rule 12(b)(5) based on insufficient service of process for abuse of discretion." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010). "[W]hen a defendant moves to dismiss under

6

Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Id. at 752 (quotation marks omitted). Rule 4(e) generally provides that individuals may be served by either (1) following the relevant state law procedures for service of the State where the district court is located or where service is made, or (2) personal delivery, leaving a copy at the individual's dwelling or usual abode with a person who resides there, or delivering a copy to an agent authorized to receive process. Fed. R. Civ. P. 4(e); see Fed. R. Civ. P. 4(i)(3).

In their affidavit of service, the Vidureks stated that they mailed the defendants the "Summons[,] Action at law pages i-iv, pages 1-47[,] Memorandum of Law in Support of Jurisdiction pages 1-10[, and] Affidavits" by "depositing a true copy in the United States Post Office." Dist. Ct. Dkt. No. 4, at 1. But these methods of service do not satisfy any of the methods of service described in Rule 4(e)(2) or comply with the service procedures for any of the relevant States. See Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30; Colo. R. Civ. P. 4(e), (g); N.Y. C.P.L.R. §§ 308, 312-a(a); Utah R. Civ. P. 4(d)(1), (d)(2)(A). We therefore agree that the Vidureks' method of service was insufficient.[1]

---

[1] The Vidureks argue that service was proper under N.Y. C.P.L.R. § 2103. But that provision applies to "papers," not the service of a summons and complaint.

The Vidureks also argue that they should have received an opportunity to cure any errors in service of process. Their argument is without merit. "[W]e generally will not reverse a district court's dismissal of an action for lack of service unless the appellant can advance some colorable excuse for neglect." Meilleur v. Strong, 682 F.3d 56, 61 (2d Cir. 2012) (quotation marks omitted). The Vidureks have not presented a colorable excuse here.

3. Failure to State a Conspiracy Claim Under § 1985(3)

The Vidureks also challenge the District Court's dismissal of their claims against the defendants under 42 U.S.C. § 1985(3) for conspiracy to interfere with their civil rights and under 42 U.S.C. § 1986, which is predicated upon a valid § 1985 claim. Among other elements of a § 1985 claim, there must be some "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Carter v. Inc. Vill. of Ocean Beach, 759 F.3d 159, 164 (2d Cir. 2014) (quotation marks omitted). But even assuming that actions animated by animus against the "Tea Party" and its members would violate § 1985(3), but see Gleason v. McBride, 869 F.2d 688, 695 (2d Cir. 1989)

---

See N.Y. C.P.L.R. § 2103; Happy Age Shops, Inc. v. Matyas, 513 N.Y.S.2d 710, 710 (2d Dep't 1987).

8

(citing <u>Keating v. Carey</u>, 706 F.2d 377, 386–88 (2d Cir. 1983)), the Vidureks'

allegations that the Defendants-appellees' actions were motivated by such animus

are conclusory, as the District Court determined.   We therefore affirm the District

Court's dismissal of both the § 1985 and § 1986 claims.   <u>See</u> <u>Graham v.</u>

<u>Henderson</u>, 89 F.3d 75, 82 (2d Cir. 1996).

   4.  <u>Failure to State a Claim Against Michael Quinn</u>

   The Vidureks also challenge the District Court's dismissal of the remaining

claims against Quinn.   We review de novo the dismissal of a complaint pursuant

to Rule 12(b)(6), accepting the factual allegations of the complaint as true.   <u>Forest</u>

<u>Park Pictures v. Universal Television Network, Inc.</u>, 683 F.3d 424, 429 (2d Cir.

2012).   A <u>pro</u> <u>se</u> complaint must be "liberally construe[d] . . . to raise the strongest

arguments it suggests."   <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007).

   We conclude that the District Court appropriately dismissed those claims

against Quinn that were based on alleged violations of 18 U.S.C. §§ 241, 242, and

1341, as well as RICO and 42 U.S.C. § 1983.   Neither 18 U.S.C. § 242 nor 18 U.S.C.

§ 1341 provides a private right of action.   <u>See</u> <u>Robinson v. Overseas Military Sales</u>

<u>Corp.</u>, 21 F.3d 502, 511 (2d Cir. 1994); <u>Official Publ'ns, Inc. v. Kable News Co.</u>, 884

9

F.2d 664, 667 (2d Cir. 1989). Similarly, nothing in the language of § 241 suggests that Congress intended to create a private right of action under that provision. See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994). And as to Quinn's alleged violation of RICO, we agree with the District Court that the Vidureks did not plausibly allege that the individuals shared a "common purpose" and "work[ed] together" to achieve this purpose.[2] First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 174 (2d Cir. 2004) ("[F]or an association of individuals to constitute an enterprise, the individuals must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes." (quotation marks omitted)). We therefore also affirm the District Court's dismissal of both the substantive RICO and RICO conspiracy claims against Quinn. See id. at 182. Nor do we discern any error in the District Court's dismissal of the § 1983 claim against Quinn. Such a claim requires that the "plaintiff . . . allege that he was

---

[2] RICO makes it unlawful "for any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity," and also makes it unlawful "for any person to conspire to violate" this provision. 18 U.S.C. § 1962(c), (d).

injured by either a state actor or a private party acting under color of state law." Ciambriello v. Cty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002). As the District Court held, the complaint does not plausibly allege that Quinn satisfied this requirement.

5. Filing Injunction

We review the District Court's decision to impose a filing injunction for abuse of discretion. Eliahu v. Jewish Agency for Israel, 919 F.3d 709, 713 (2d Cir. 2019). In deciding whether to impose such an injunction, district courts must consider: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." Id. at 714 (quotation marks omitted). The District Court considered these factors here. While the District Court recognized the Vidureks' pro se status, it determined that their extensive

11

litigation history meant that a filing injunction was the appropriate means of protecting the court and other parties from further harassment and expense. The District Court did not abuse its discretion in reaching this conclusion. See id. at 713–16.[3]

We have considered all of the Vidureks' remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] The Vidureks also argue that the District Court issued the injunction without a hearing, in violation of their due process rights. But they were on notice of the possibility of a filing injunction through Quinn's motion, and were afforded an opportunity to respond to that motion.