Rizvi v. Urstadt Biddle Properties Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand twenty.

PRESENT:
REENA RAGGI,
DEBRA ANN LIVINGSTON,
WILLIAM J. NARDINI,
*Circuit Judges.*

_____

Nusrat Rizvi, Eileen Rizvi,

*Plaintiffs-Appellants*,

v.                                                                                  18-3307

Urstadt Biddle Properties Inc., Willing L. Biddle, Tibbetts, Keating & Butler, Mario D. Cometti, Esq., Hinckley, Allen & Snyder LLP, Noble F. Allen, Esq., Coles Baldwin & Kaiser, LLC, John B. Kaiser, Esq., Spa Thea, LLC, DBA Andrew Stefanou Salon & Spa,

*Defendants-Appellees*,

Antonio C. Robaina,

*Defendant*.

_____

**FOR PLAINTIFFS-APPELLANTS:**    Nusrat Rizvi, *pro se*, Eileen Rizvi, *pro se*, Palm City, FL.

**FOR DEFENDANTS-APPELLEES:**    Noble F. Allen, Esq., Alexa T. Millinger, Esq., Hinckley Allen & Snyder, LLP, Hartford, CT (*for* Urstadt Biddle Properties Inc. and Willing L. Biddle).

David A. DeBassio, Esq., Sara J. Stankus, Esq., Hinckley Allen & Snyder, LLP, Hartford, CT (*for* Hinckley, Allen & Snyder LLP and Noble F. Allen, Esq.).

Liam M. West, Esq., Ryan, Ryan, Deluca LLP, Bridgeport, CT (*for* Tibbetts, Keating & Butler, LLC and Mario D. Cometti, Esq.).

Catherine L. Creager, Esq., Coles, Baldwin, Kaiser & Creager, LLC, Fairfield, CT (*for* Coles Baldwin & Kaiser, LLC, John B. Kaiser, Esq., and Spa Thea, LLC, DBA Andrew Stefanou Salon & Spa).

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

*Pro se* plaintiffs Nusrat and Eileen Rizvi appeal from the dismissal with prejudice of all federal and state claims in this action against their former landlord, various attorneys and law firms, a state judge, and a spa. The district court action was filed after nearly a decade of litigation — including at least four separate lawsuits — in Connecticut Superior Court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

We review *de novo* a district court's dismissal for failure to state a claim, or for lack of

subject matter jurisdiction, *see, e.g.*, *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015), accepting the factual allegations made in the pleadings as true, *id.* at 251. Here, the district court correctly ruled that the Rizvis could not assert a claim against the defendants under the federal mail fraud statute, 18 U.S.C. § 1341, because it does not provide a private cause of action. *See Eliahu v. Jewish Agency for Isr.*, 919 F.3d 709, 713 (2d Cir. 2019). Thus, the district court properly dismissed the Rizvis' § 1341 claim with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

Likewise, the Rizvis did not plausibly allege that the defendants engaged in, or conspired to engage in, a pattern of racketeering activity as defined in 18 U.S.C. § 1961 and, therefore, the district court correctly dismissed with prejudice their substantive or conspiratorial racketeering claims under 18 U.S.C. § 1962. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

After resolving and dismissing the Rizvis' federal-law claims, the district court exercised supplemental jurisdiction over their state-law claims, addressing them on the merits and ordering dismissal with prejudice. We review a district court's decision to exercise supplemental jurisdiction over state-law claims for abuse of discretion, *see Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004), "considering whether judicial economy, convenience, fairness and

---

[1] Insofar as the district court also ordered dismissal for lack of subject matter jurisdiction, such dismissal would properly be without prejudice. *See Katz v. Donna Karan Co.*, 872 F.3d 114, 116 (2d Cir. 2017). In fact, no dismissal on that ground was warranted here. *See Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999) (holding that whether private right of action can be implied from federal statute is itself sufficient federal question to meet modest requirements for subject matter jurisdiction under 28 U.S.C. § 1331).

comity require a different result," *Finz v. Schlesinger*, 957 F.2d 78, 84 (2d Cir. 1992) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).   While the district court did not explicitly weigh the *Cohill* factors before resolving and dismissing the Rizvis' state-law claims, we identify no abuse of discretion in its exercise of supplemental jurisdiction.   Given the history of the Rizvis' unsuccessful, multiple lawsuits in the Connecticut courts involving the same dispute, the close connection between the Rizvis' federal and state claims, and the patent procedural bars and/or lack of merit in all claims, the *Cohill* factors here weighed in favor of resolving the entire case and dismissing all claims—state and federal—with prejudice.

We have considered all of the Rizvis' remaining arguments and find them to be without merit.   Accordingly, the judgment dismissing all claims is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4