21-2525-cv
*Li v. Alibaba Group Holding, Ltd.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-three.

PRESENT:

> DENNIS JACOBS,
> EUNICE C. LEE,
> MYRNA PÉREZ,
>
> *Circuit Judges.*

------------------------------------------------------------------

HAI DONG LI,

*Plaintiff-Appellant,*

v.                                                     No. 21-2525-cv

ALIBABA GROUP HOLDING, LTD.,

*Defendant-Appellee.*[*]

------------------------------------------------------------------

---

[*]**The clerk's office is respectfully directed to amend the caption.**

For Plaintiff-Appellant:                    NING YE
                                            Law Office of Ning Ye, Esq.
                                            Flushing, NY.

For Defendant-Appellee:                     JONATHAN S. KAPLAN (Stephen P.
                                            Blake, *on the brief*),
                                            Simpson, Thacher & Bartlett, LLP
                                            New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Hai Dong Li appeals from a district court order granting the request of Defendant-Appellee, Alibaba Group Holding, Ltd. ("Alibaba"), for sanctions in the form of a pre-litigation injunction against Li. The underlying suit is one in a series of actions brought by Li against Alibaba in New York state, federal, and Chinese courts. Li's claims stem from his knowing purchase of apparently counterfeit goods with the intention of recouping refunds in excess of the purchase price from Alibaba. By the time this suit commenced in the Southern District of New York on December 19, 2019, Li's suits in China had been dismissed and had resulted in what Li himself termed "hefty sanctions" against Li. *Li v. Ali Baba Grp. Holding, Ltd.*, 2021 WL 4084574, at *2 (S.D.N.Y. Sept. 7, 2021). Meanwhile, Li's counsel in the state litigation had withdrawn after Alibaba warned him of the frivolous nature of the suits. On February 18, 2020, Alibaba moved to dismiss and for Rule 11 sanctions in the form of a pre-litigation injunction and monetary sanctions. Li was given an opportunity to file an amended complaint, which he did. On March 24, 2020, Alibaba moved to dismiss the amended complaint for lack of subject matter jurisdiction, personal jurisdiction, venue, and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1)–

2

(3) and (b)(6). On September 7, 2021, the district court granted the motion to dismiss and issued a pre-litigation injunction. That injunction bars Li "from filing future actions related to or arising from his purchase of allegedly counterfeit goods from Alibaba or any entity affiliated with it—against any party or in any court—without first obtaining leave to file from [the district court]." *Li*, 2021 WL 4084574, at *6.

On October 6, 2021, Li moved in the district court for leave to file a complaint in state court against Alibaba. The district court denied leave to file because Li failed to attach a copy of the proposed complaint, as required by the pre-litigation injunction. Rather than re-file the motion with the proposed complaint, Li filed notice to appeal to this Court on October 7, 2021. On October 29, 2021, Alibaba moved in this Court for summary affirmance of (1) the district court's dismissal of the operative complaint, (2) the pre-litigation injunction, and (3) denial of the October 6, 2021 motion for leave to file a new complaint against Alibaba. On January 26, 2022, a panel of this Court granted the motion for summary affirmance as to the dismissal of the operative complaint and denial of leave to file a new complaint. The panel denied the motion to summarily affirm the pre-litigation injunction and ordered that portion of the appeal to proceed. Thus, the only question properly before this Court now is whether the district court abused its discretion in issuing a pre-litigation injunction against Li. We conclude it did not.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Discussion

### A. Standard of Review

We review a district court's decision to impose sanctions for abuse of discretion. *Eliahu v. Jewish Agency for Isr.*, 919 F.3d 709, 713 (2d Cir. 2019) (reviewing a pre-suit injunction for

abuse of discretion). Under an abuse of discretion standard, we reverse only if the district court "(1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Villiers v. Decker*, 31 F.4th 825, 831 (2d Cir. 2022).

### B. District Court's Reasoning

A district court assesses whether to issue a pre-litigation injunction under the five *Safir* factors. *Iwachiw v. N.Y. State Dept. of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005). Those factors are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). The district court concluded that the factors counseled in favor of issuing a pre-litigation injunction. The district court determined that "Li has shown a history of filing duplicative, vexatious, and unreasonable lawsuits against Alibaba" because in addition to the "frivolous complaint filed in this action . . . he has brought actions asserting many of the same allegations against Alibaba twice before in New York—one in federal court and one in state court" as well as several actions in China, "which he himself pleads led to his being ordered to pay hefty sanctions." *Li*, 2021 WL 4084574, at *5 (internal quotation marks omitted). The "legally spurious" suits, concluded the district court, showed that Li "cannot have an objective good faith expectation of prevailing." *Id.* (internal quotation marks omitted). In addition to the expense caused by the torrent of meritless litigation, the court noted that Li "continued in this action even after Alibaba warned his prior counsel as to

3

the frivolous nature of Li's state court action, which was enough to cause his prior counsel to withdraw." *Id.* Finally, "because Li concedes that he has already faced monetary sanctions for bringing related suits against Alibaba, Li has demonstrated that monetary sanctions alone are unlikely to stop him from filing more baseless lawsuits." *Id.* Given the above, and the lack of "any meaningful argument" by Li in response to the sanctions motion, the district court issued the pre-litigation injunction. *Id.* at *6.

Li's opening brief, which fails to reference the *Safir* factors, makes no argument on appeal as to how or why the district court abused its discretion in issuing the pre-litigation injunction. Instead, Li challenges precisely the aspect of the district court order that is not on appeal: the dismissal. Absent any argument from Li, we find nothing in the district court's order or application of the *Safir* factors indicating that the court abused its discretion in issuing the pre-litigation injunction.[1]

As a final note, we observe that though federal courts have "both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions" by, as here, enjoining state court litigation, the authority to enjoin suits in state court is not limitless. *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir.1984); *see also id.* at 1263 ("blanket extension of [an] injunction in state court" is error). Specifically, we have approved injunctions against state-court litigation that "prohibit[] [the litigant] from bringing new actions . . . against persons who have encountered him in any capacity in [federal] litigation." *Id.*; *e.g.*, *Vassel v. Firststorm Properties 2 LLC*, 750 F. App'x 50, 53 (2d Cir. 2018). Here, however, we do not find that the district court exceeded its authority in extending the injunction to

---

[1] Insofar as Li challenges the pre-litigation injunction in his reply brief, such argument is waived. *See Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 711 n.3 (2d Cir. 2002) ("Because th[e] claim was first raised in plaintiffs' reply brief we need not consider it."). Furthermore, even were we to consider it, we find the argument unpersuasive.

4

cover state court suits because we understand the pre-litigation injunction to apply to state court suits only when such suits are brought against parties whom Li has previously "encountered" in litigation on this subject-matter in federal court.[2]

       *      *      *

  For the above reasons, we **AFFIRM** the order of the district court.

            FOR THE COURT:
            Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We leave for the district court to determine, if necessary, whether an Alibaba affiliate fits within the definition of a party who "ha[s] encountered him in any capacity in [federal] litigation," *In re Martin-Trigona*, 737 F.2d at 1263, mindful of the fact that "the district court's responsibility to protect federal jurisdiction and those individuals or entities who seek access to federal courts may entail periodic revision of the injunction to keep pace" with any future vexatious litigation, *id.*