25-492-cv
Golrick v. Nationstar Mortg., LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand twenty-five.

PRESENT:  AMALYA L. KEARSE,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

PETER GOLRICK, JEANNE GOLRICK,

*Plaintiffs-Appellants*,

v.                                                     No. 25-492-cv

NATIONSTAR MORTGAGE, LLC, DBA MR. COOPER,

*Defendant-Appellee*.

------------------------------------------------------------------

1

FOR APPELLANTS:                                    PETER GOLRICK, JEANNE GOLRICK, *pro se*, Townshend, VT

FOR APPELLEE:                                      BENJAMIN T. STASKIEWICZ, McCalla Raymer Leibert Pierce, LLP, Hartford, CT

Appeal from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Appellants Peter and Jeanne Golrick, proceeding without counsel, appeal from the January 31, 2025 judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*) denying their motions for leave to file a second amended complaint ("SAC") and dismissing their claims against Nationstar Mortgage, LLC ("Nationstar") alleging wrongdoing regarding certain real property. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In May 2023 the Golricks sued Nationstar, the mortgagee on their property, seeking to prevent it from taking possession of the property following state-court proceedings in which the property was foreclosed and Nationstar was

granted a writ of possession as the new owner. After the District Court granted Nationstar's motion to dismiss their initial complaint based on the *Rooker-Feldman* doctrine and failure to state a claim, the Golricks filed an amended complaint alleging that Nationstar had filed a fraudulent state property tax return post-foreclosure. The District Court dismissed the amended complaint because the Golricks had failed to state a claim for fraud under Vermont law. Finally, the Golricks twice moved for leave to file the SAC. The District Court denied their motions, concluding that leave to amend was futile because the proposed SAC failed to cure the deficiencies that the court had earlier identified with respect to the Golricks' fraud claim.

"[W]hen denial of leave to file a revised pleading is based on a legal interpretation, such as futility, a reviewing court conducts a *de novo* review." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015). A proposed amendment is futile if it "could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)." *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 87 (2d Cir. 2023) (quotation marks omitted). We agree with the District Court that amendment would be futile because the Golricks' proposed SAC failed to plausibly state a claim for fraud under Vermont law. To plead such a

3

claim, the Golricks were required to allege, among other elements, that they "act[ed] in reliance on" an "intentional misrepresentation of a material fact" and that they were "thereby harmed." *Felis v. Downs Rachlin Martin PLLC*, 200 Vt. 465, 472 (2015) (quotation marks omitted). But the SAC does not allege that the Golricks acted in reliance on Nationstar's allegedly false statements in the tax return. Because "[f]ailure to prove any one of the . . . elements [of fraud] defeats the fraud claim" under Vermont law, we affirm the District Court's dismissal of the Gorlicks' fraud claim and denial of the Gorlicks' motions for leave to amend the fraud claim. *Id.*

The Golricks also argue that the District Court overlooked their claims under two federal criminal statutes, 18 U.S.C. §§ 1341 and 1519. We reject their argument. "It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints." *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972). Because neither 18 U.S.C. § 1341 nor 18 U.S.C. § 1519 confers a private right of action, the Golricks cannot rely on these laws to state claims. *See Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713 (2d Cir. 2019); *Alaji*

4

*Salahuddin v. Alaji*, 232 F.3d 305, 308 (2d Cir. 2000). We therefore also affirm the District Court's dismissal of these claims.

We have considered the Golricks' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court