24-3178-cv
Weaver v. N.Y. State Unified Ct. Sys.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-six.

PRESENT: DENNY CHIN,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges*.

------------------------------------------------------------------

STANTON E. WEAVER, JR.,

*Plaintiff-Appellant*,

v.                                                                     No. 24-3178-cv

NEW YORK STATE UNIFIED
COURT SYSTEM, NEW YORK
STATE JUDICIAL REVIEW
COMMITTEE, CHAD BALZER,
BALZER AND LEARY, PLLC,
WILLIAM NEWMAN, BECKER,
GLYNN MUFFLY, CHASSIN AND
HOSINSKI, LLP, FLEISCHMAN
BONNER AND ROCCO LLP,

*Defendants-Appellees.*

-------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | Stanton E. Weaver, *pro se*, Canajoharie, NY |
| FOR JUDICIAL APPELLEES: | Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Douglas E. Wagner, Assistant Solicitor General, *for* Letitia James, Attorney General for the State of New York, Albany, NY |
| FOR APPELLEE BECKER GLYNN: | Jordan Stern, Becker, Glynn, Muffly, Chassin & Hosinski LLP, New York, NY |
| FOR APPELLEE FLEISCHMAN BONNER: | Patrick L. Rocco, Fleischman Bonner & Rocco, LLP, White Plains, NY |
| FOR APPELLEES NEWMAN, BALZER, AND BALZER AND LEARY: | No brief |

Appeal from an order of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Plaintiff Stanton Weaver, representing himself, appeals from a November 19, 2024 post-judgment order of the United States District Court for the Northern

District of New York (Suddaby, *J.*) enjoining Weaver from filing any motions or documents in this case without first receiving leave of the court. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a district court's imposition of a filing injunction for abuse of discretion. *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713 (2d Cir. 2019); *see Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). A district court must consider the following factors before restricting a litigant's access to the judiciary:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

On this record, we conclude that the District Court acted within its discretion when it found that Weaver was "likely to continue to abuse the judicial process" absent its narrowly tailored filing injunction. *See Safir*, 792 F.2d at 24. After the District Court entered judgment in favor of the defendants,

3

Weaver filed three essentially identical motions for reconsideration. After the second such motion, the defendants moved the District Court to issue a filing injunction. The District Court considered the *Safir* factors and denied the defendants' motion, but it also "respectfully cautioned" Weaver "that he is fast becoming an abusive litigant, and that, if he continues such vexatious conduct, such a sanction may be issued." D. Ct. Dkt. No. 74.

Despite the District Court's warning, Weaver filed a third motion for reconsideration. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (noting that a court must give a litigant "notice and an opportunity to be heard" prior to issuing filing injunction). At that point, the District Court again considered the *Safir* factors and imposed the filing injunction, limited solely to the present action. To the extent that the District Court should have provided Weaver with a more meaningful opportunity to be heard prior to the imposition of the filing injunction, Weaver's opening brief, even liberally construed in light of his *pro se* status, has failed to argue that point and thus abandoned any such argument. *See Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93; *see also JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). In

4

any event, the injunction allows Weaver to continue filing motions and other documents with the District Court's leave. *See In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993).

To the extent that Weaver also challenges the District Court's denial of his various motions for reconsideration, we decline to consider the challenge because a motions panel of this Court has previously concluded that the challenge is not properly before us on appeal.

We have considered Weaver's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court