17-274-cv
*Brady v. Goldman, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand eighteen.

PRESENT:
>           AMALYA L. KEARSE,
>           GUIDO CALABRESI,
>           DENNY CHIN,
>                   *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAMES H. BRADY,
>           *Plaintiff-Appellant*,

>           v.                                                          17-274-cv

JOHN GOLDMAN, Esq., Individually & as
member of HERRICK FEINSTEIN LLP,
JUSTIN BLAKE SINGER, Esq., Individually &
as member of HERRICK FEINSTEIN LLP,
DANIEL ROSS MILSTEIN, Esq., Individually
& as member of GREENBERG TRAURIG LLP,
STEVEN SINATRA, Esq., Individually & as
member of GREENBERG TRAURIG LLP,

RICHARD M. ZUCKERMAN, Esq.,
Individually & as member of DENTONS US
LLP, JOSEPH P. AUGUSTINE, Esq.,
Individually & as member of AUGUSTINE &
EBERLE LLP, MARK KENNETH ANESH,
Individually & as member of LEWIS
BRISBOIS, BISGAARD & SMITH LP, JAMIE R.
WOZMAN, Esq., Individually & as member of
LEWIS BRISBOIS, BISGAARD & SMITH LP,
JUSTIN Y. K. CHU, Esq., Individually & as
member of STEPTOE & JOHNSON, ADAM J.
RICHARDS, Individually & as member of
O'REILLY, STOUTENBURG, RICHARDS LLP,
                *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR PLAINTIFF-APPELLANT:     James H. Brady, *pro se*, Wyckoff, New
                             Jersey.

FOR DEFENDANTS-APPELLEES:    Richard M. Asche, Litman, Asche &
                             Gioiella, LLP; Edward J. Reich, Kristen
                             B. Weil, Dentons US LLP; Jamie Rebecca
                             Wozman, Lewis Brisbois Bisgaard &
                             Smith LLP; Jennifer Smith Finnegan,
                             Herrick, Feinstein LLP; Joseph P.
                             Augustine, Augustine & Eberle LLP;
                             Thomas Dewey, Keara A. Bergin,
                             Dewey Pegno & Kramarsky LLP; and
                             Adam J. Richards, O'Reilly Stoutenburg
                             Richards LLP, New York, New York.

        Appeal from a judgment and order of the United States District Court for

the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment and order of the district court are

**AFFIRMED** as set forth below.

Plaintiff-appellant James H. Brady, proceeding *pro se*, appeals from the

district court's judgment entered January 12, 2017 dismissing his complaint with

prejudice for lack of subject matter jurisdiction and failure to state a claim and denying

him leave to amend his complaint, and its subsequent order entered February 3, 2017

imposing a filing injunction. Brady sued defendants-appellees, who are the lawyers

and law firms that represented Brady's adversaries in prior unsuccessful state court

litigation, for violations of New York Judiciary Law § 487, fraud, intentional infliction of

emotional distress, and violations of his Fifth and Fourteenth Amendment due process

and equal protection rights. Brady also sought to vacate the prior state court

judgment. We assume the parties' familiarity with the underlying facts, the procedural

history of the case, and the issues on appeal.

We review *de novo* dismissals for lack of subject matter jurisdiction

pursuant to Federal Rule of Civil Procedure 12(b)(1) and dismissals for failure to state a

claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Cayuga Nation v. Tanner*,

824 F.3d 321, 327 (2d Cir. 2016) (subject matter jurisdiction); *Trs. of Upstate N.Y. Eng'rs*

*Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016) (failure to state a claim).

3

The district court held that it lacked subject matter jurisdiction because Brady had failed to adequately plead diversity jurisdiction. We agree. The complaint fails to allege the citizenship of any of the defendants. Moreover, while the complaint makes two references to the Fifth and Fourteenth Amendments of the United States Constitution, it fails to allege any facts to support a federal constitutional claim against the defendants, all of whom are private lawyers and law firms. Likewise, with respect to Brady's request to vacate the earlier unfavorable state court judgment, the district court correctly held that it lacked subject matter jurisdiction over this claim pursuant to the *Rooker-Feldman* doctrine. *See Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments."); *Rooker v. Fid. Tr. Co.* 263 U.S. 413, 415-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983).

The district court dismissed Brady's state law claims with prejudice for failure to state a claim. In the absence of subject matter jurisdiction, however, the district court could not have exercised supplemental jurisdiction over the state law claims. *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) (holding that the district court erred by retaining supplemental jurisdiction over state law claims after dismissing federal claims for lack of subject matter jurisdiction).

4

Finally, the district court imposed a filing injunction requiring Brady to seek permission before filing any additional suits pertaining to his prior state court litigation. We review an order imposing a sanction for abuse of discretion. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). For substantially the reasons stated in the magistrate judge's January 10, 2017 report and recommendation, which the district court adopted in full, we conclude that the district court did not abuse its discretion in imposing the filing injunction.

Although the judgment of the district court stated that the dismissal was "with prejudice," a caveat not applicable to dismissals for lack of federal jurisdiction, *see e.g., Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999), we instead understand the district court (a) to have meant that the complaint asserts only claims that Brady cannot pursue in federal court, and (b) to have had in mind that Brady has been warned by the state court not to continue his "near perfect example of frivolous conduct" in "prosecuting claims that have either been determined or that he has been told are not ripe," *see Brady v. 450 W. 31st St. Owners Corp.*, 2014 WL 3515939, at *13 (N.Y. Sup. Ct. July 15, 2014).

\* \* \*

5

We have considered all of Brady's arguments and find them to be without merit.   Accordingly, the judgment is deemed amended to incorporate our understanding set forth above, and as thus amended is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court