21-669-cv
*James Brady v. Gregory Sheindlin, Esq., et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of November, two thousand twenty-one.

PRESENT:    PIERRE N. LEVAL,
            JOSÉ A. CABRANES,
            DENNY CHIN,
                    *Circuit Judges.*

---

JAMES H. BRADY,

               *Plaintiff-Appellant,*                      21-669-cv

               v.

GREGORY SHEINDLIN, THE SHEINDLIN LAW FIRM,

               *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | James H. Brady, *pro se*, Manasquan, NJ. |
| **FOR DEFENDANTS-APPELLEES:** | Gregory Sheindlin, Sheindlin Law Firm, *pro se*, New York, NY. |

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED.**

Plaintiff James H. Brady ("Brady"), *pro se*, sued Gregory Sheindlin ("Sheindlin") and The Sheindlin Law Firm (together, "Defendants"), after they successfully obtained an award of attorneys' fees and moved to enforce a state court judgment against Brady on behalf of their client, IGS Realty Co. L.P. ("IGS Realty"), for breaches of certain commercial leases Brady had guaranteed. Brady asserted claims under federal statutes for conspiracy against rights (18 U.S.C. § 241), mail and wire fraud (18 U.S.C. § 1343),[1] and civil RICO offenses (18 U.S.C. § 1961), as well as claims of common law fraud, unjust enrichment, and "prima facia tort." He alleged that, in October 2017, Defendants fraudulently enforced the state court judgment because the jury never specifically determined that his personal guarantees on the leases were valid and enforceable. The District Court dismissed Brady's claims as barred by the *Rooker-Feldman* doctrine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's application of the *Rooker-Feldman* doctrine *de novo. Sung Cho v. City of N.Y.*, 910 F.3d 639, 644 (2d Cir. 2018).

The *Rooker-Feldman* doctrine holds that federal district courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). Thus, for the *Rooker-Feldman* doctrine to apply, the federal court plaintiff (1) must have lost in state court, (2) must complain of injuries caused by a state court judgment; (3) must invite district court review and rejection of that judgment, which (4) must have been rendered before the district court proceedings commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

For substantially the reasons articulated by the District Court in its thorough opinion, we find that the *Rooker-Feldman* doctrine applies and bars Brady's suit.

Brady argues on appeal that he is not complaining of the state court judgment itself, but of Defendants' "falsification of the jury verdict in order to defraud [him] of over $1.7 million" by enforcing the judgment. Appellant's Br. at 57. We disagree. "[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third-party's actions, when the

---

[1] The district court's implicit dismissal of Brady's claims under 18 U.S.C. §§ 241 and 1343 was proper because neither statute provides for a private right of action. *See Vidurek v. Koskinen*, 789 F. App'x 889, 894 (2d Cir. 2019) (summary order) (no private right of action under § 241); *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713 (2d Cir. 2019) (per curiam) ("[T]here is no private cause of action under the federal mail fraud statutes cited in the amended complaint.").

third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Hoblock*, 422 F.3d at 88.

Moreover, we reject the basic premise of Brady's argument. Brady claims that because the interrogatories the state court gave the jury did not specifically mention his personal guarantees or his affirmative defenses, the state court therefore never determined the enforceability of those guarantees or ruled on those affirmative defenses, and that Defendants thus "falsified" the jury verdict. Repeatedly, Brady's briefs advert to a May 4, 2021 deposition of Sheindlin in separate case, in which Sheindlin stipulates to the text of the state court jury interrogatories. Appellant's Br., *passim* (citing Exhibit 1 to Letter, *Sheindlin v. Brady*, 21-cv-1124 (S.D.N.Y. filed May 20, 2021), ECF No. 73-1 at 41-42). Aside from not being a part of the record on appeal—*see Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered.")—that stipulation does *not* establish (as Brady claims) that Brady's personal guarantees were unenforceable or that the state court failed to consider Brady's affirmative defenses. To the contrary, the state court properly and explicitly instructed the jury on both Brady's affirmative defenses and the personal guarantees. *See* App'x 91-97. Brady's central argument is thus entirely without merit.

Defendants request double costs and damages under Federal Rule of Appellate Procedure 38. They note that the District Court for the Southern District of New York (S.D.N.Y.) has already deemed Brady a serial litigant. *See Brady v. Berman*, 18-cv-8459, 2019 WL 4546535, at *1, (S.D.N.Y. Sept. 2, 2019).

Brady has unsuccessfully sued the judge who presided over his original state court trial and two judges on the New York Court of Appeals alleging that they conspired against him to sabotage the state court litigation. *See Brady v. Ostrager*, No. 19-cv-7122 (S.D.N.Y. Oct. 20, 2019), *aff'd* 834 F. App'x 616 (2d Cir. 2020) (summary order); *Brady v. DiFiore*, No. 19-cv-04380 (S.D.N.Y. May 22, 2019). He has also sued former U.S. Attorney for the S.D.N.Y. Geoffrey Berman for failing to protect him from this alleged conspiracy. *See Brady v. Berman*, No. 18-cv-08459 (S.D.N.Y. Sept. 18, 2019), *aff'd* 837 F. App'x 70 (2d Cir. 2021) (summary order). Further, Brady has sued IGS Realty itself, and sought a declaratory judgment that there had never been an enforceable judgment in the state court litigation, that the personal guarantees were void, and that the counterclaims should have been decided in his favor. *See Brady v. IGS Realty Co. L.P.*, No. 19-cv-10142 (S.D.N.Y. Sept. 8, 2020), *aff'd* No. 20-3512, 2021 WL 4302737 (2d Cir. Sept. 22, 2021) (summary order). After that lawsuit, the District Court for the S.D.N.Y. imposed a filing injunction barring Brady "from filing any new action in the Southern District of New York that relates in any way to the IGS Lease Agreements, the Personal Guarantees associated therewith, or Brady's businesses' occupation of space in IGS-owned buildings, including any actions concerning the conduct of any attorney, judicial officer, government official, or other third party in relation to the IGS Lease Agreements, or any collateral

actions arising from those agreements." Opinion and Order, *Brady v. IGS Realty Co. L.P.*, No. 19-cv-10142 (S.D.N.Y. Oct. 13, 2020), ECF No. 65.[2]

Federal Rule of Appellate Procedure 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. While Defendants have not filed a separate motion, "we may, with adequate notice and an opportunity to be heard, impose sanctions *nostra sponte*." *Gallop v. Cheney*, 642 F.3d 364, 370 (2d Cir. 2011). The record suggests that this appeal was "brought without the slightest chance of success," *id.* (internal quotation marks omitted), and that in bringing it, Brady "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013).

Accordingly, Brady is hereby ordered to show cause in writing within 30 days of the entry of this order why this court should impose sanctions, which could include payment to Defendants of double costs and damages in the amount of $1000, under Rule 38 and the inherent authority of this Court. *See Gallop*, 624 F.3d 370. Defendants may file a letter-brief within three days of Brady's submission stating their views, if any, on the question of sanctions.

## CONCLUSION

We have reviewed all of the arguments raised by Brady on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 25, 2021 order and judgment

---

[2] Brady has brought several additional lawsuits in federal court pertaining to other losses in state court litigation. The District Court for the S.D.N.Y. has imposed a separate filing injunction barring Brady from bringing new actions pertaining to certain "air rights [over his apartment] . . . or the conduct of any attorney, judicial officer, government official, or other third party in relation to such rights." *Brady v. Goldman*, No. 16-CV-2287, 2017 WL 496083, at *2 (S.D.N.Y. Feb. 3, 2017), *aff'd*, 714 F. App'x 63 (2d Cir. 2018) (summary order). The New York state courts have sanctioned him for "dragg[ing] more than twenty parties into court to litigate matters that have already been determined and claims that lack any substance" – "a near perfect example of frivolous conduct." *Brady v. 450 W. 31st St. Owners Corp.*, No. 157779/2013, 2014 WL 3515939, at *13 (N.Y. Sup. Ct. July 15, 2014). And a separate protective order in New York bars him from "initiating any further litigation as party plaintiff without prior approval of the Administrative Judge of the court in which he seeks to bring a further motion or commence an action." *Brady v. N. Y. Cnty. Dist. Att'y*, No. 154496/2015 (N.Y. Sup. Ct. Nov. 13, 2015) NYSCEF No. 29.

of the District Court. Brady is **ORDERED TO SHOW CAUSE** as directed in the penultimate paragraph of this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk